UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-22623-CIV-GAYLES/TURNOFF

CARLOS JOSE GIL FUENTE,

    Plaintiff,

v.

EUGENIO ALBERTO ROJAS MOLINA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss and Memorandum of Law in Support Thereof [ECF No. 18]. The Court has considered the Motion and applicable law. Based thereon, the Court GRANTS the Motion.

## Background

Plaintiff Carlos Jose Gil Fuente ("Plaintiff") brought this action following a traffic accident between Plaintiff and Defendant Eugenio Alberto Rojas Molina ("Defendant"). Defendant, a resident of Argentina, was driving a rental car. Plaintiff attempted service of process on Defendant pursuant to Florida Statute Sections 48.161 and 48.171, which provide for service via the Florida Secretary of State, for non-resident operators of motor vehicles who conceal their whereabouts. Defendant has moved to dismiss asserting that Plaintiff failed to properly serve Defendant under the Hague Convention.

1

**Discussion**

Federal Rule of Civil Procedure 4(f) sets forth the requirements for service on an individual living in a foreign country and provides that an individual may be served outside of the United States:

> (1)  by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . .

Fed.R.Civ.P. 4(f).  Plaintiff does not dispute that he has not properly served Defendant under the Hague Convention (the "Convention").  Rather, Plaintiff argues that the Convention does not apply because Plaintiff does not know Defendant's address.

Article I of the Convention provides that it "shall not apply where the address of the person to be served with the document is not known."  Hague Convention, art.1, 20 U.S.T. 361 (1969). Plaintiff asserts that neither the rental car agency nor the insurance company provided him with Defendant's address and that the accident report did not list Defendant's address.  However, the record reflects that Plaintiff made no effort to actually request Defendant's address from the insurer. *See* Aff. of Gavin Thomas [ECF No. 23-1].  In addition, the accident report does reflect a driver's license number for Defendant which might have been helpful in ascertaining Defendant's address. The record does not reflect that Defendant was concealing his whereabouts.  Rather, it reflects that Plaintiff has not yet made a sufficient effort to find Defendant.  As a result, the Court finds that the Convention applies and Plaintiff is required to serve Defendant in accordance with the terms of the Convention.

## Conclusion

Based on the foregoing, it is

**ORDERED AND ADJUDGED** Defendant's Motion to Dismiss [ECF No. 18] is **GRANTED** without prejudice**.** Service of process on Defendant Eugenio Alberto Rojas Molina is **QUASHED**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes. Plaintiff may move to reopen the action if and when he effectuates service on Defendant pursuant to the Hague Convention.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

3